# EXHIBIT A

| HCDistrictclerk.com | HODGE, GREGORY LYN vs. FRISARD'S TRUCKING COMPANY | 10/26/2021 |
|---|---|---|
| | Cause: 202155462   CDI: 7   Court: 190 | |

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

### CASE DETAILS

| | |
|---|---|
| **File Date** | 8/31/2021 |
| **Case (Cause) Location** | |
| **Case (Cause) Status** | Active - Civil |
| **Case (Cause) Type** | Motor Vehicle Accident |
| **Next/Last Setting Date** | N/A |
| **Jury Fee Paid Date** | 10/26/2021 |

### CURRENT PRESIDING JUDGE

| | |
|---|---|
| **Court** | 190th |
| **Address** | 201 CAROLINE (Floor: 12)<br>HOUSTON, TX 77002<br>Phone:8329272300 |
| **JudgeName** | BEAU MILLER |
| **Court Type** | Civil |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| HODGE, GREGORY LYN | PLAINTIFF - CIVIL | | GUSTIN, CHARLIE |
| FRISARD'S TRUCKING COMPANY | DEFENDANT - CIVIL | | CANO, BRIAN GREGORY |
| REDMOND, ERICKA | DEFENDANT - CIVIL | | CANO, BRIAN GREGORY |
| FRISARD'S TRUCKING COMPANY (A FOREIGN BUSINESS CORPORATION) BY | REGISTERED AGENT | | |

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 10/26/2021 | ANSWER | | | 0 | | CANO, BRIAN GREGORY | FRISARD'S TRUCKING COMPANY |
| 10/26/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/26/2021 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 10/26/2021 | ANSWER | | | 0 | | CANO, BRIAN GREGORY | REDMOND, ERICKA |
| 8/31/2021 | ORIGINAL PETITION | | | 0 | | GUSTIN, CHARLIE | HODGE, GREGORY LYN |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION (NON-RESIDENT CORPORATE) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | FRISARD'S TRUCKING COMPANY (A FOREIGN BUSINESS CORPORATION) BY | 10/20/2021 | 10/20/2021 | | | | 73929969 | E-MAIL |

220 WEST MAPLE RIDGE DRIVE METAIRIE LA 70001

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION(NON-RESIDENT) | SERVICE ISSUED/IN POSSESSION OF SERVING AGENCY | ORIGINAL PETITION | REDMOND, ERICKA | 10/20/2021 | 10/20/2021 | | | | 73929970 | E-MAIL |

215 E PRESLEY ROAD MCCOMB MS 36648

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 98617411 | Defendants Original Answer | | 10/26/2021 | 5 |
| | Defendants Original Answer | | 10/26/2021 | |
| 98524813 | Cvil Process Requests | | 10/20/2021 | 2 |
| 97650925 | Plaintiffs Original Petition and Notice Of Required Disclosures | | 08/31/2021 | 8 |

8/31/2021 4:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56838999
By: Rhonda Momon
Filed: 8/31/2021 4:05 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **GREGORY LYN HODGE**<br>*Plaintiff* | §<br>§<br>§ | **IN THE DISTRICT COURT** |
| vs. | §<br>§ | **____ JUDICIAL DISTRICT** |
| **FRISARD'S TRUCKING COMPANY, INC. and ERICKA REDMOND**<br>*Defendants* | §<br>§<br>§<br>§ | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION AND NOTICE OF REQUIRED DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, Plaintiff GREGORY LYN HODGE, hereinafter called Plaintiff, complaining of and about FRISARD'S TRUCKING COMPANY, INC. and ERICKA REDMOND, hereinafter called Defendants, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN and RULE 47(c) STATEMENT

1. Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff files this petition under a Level 2 Discovery Control Plan.

2. Pursuant to Tex. R. Civ. P. 47(c), please be advised that Plaintiff seeks monetary relief over $1,000,000.00.

### II. NOTICE OF REQUIRED DISCLOSURES

3. Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby given notice that Defendants are required to provide, without awaiting a discovery request, the information and/or materials described in Rule 194.2, Rule 194.3, and Rule 194.4. Defendants are required to make these **disclosures at or within 30 days after the filing of the first answer** unless a different time is set by the parties' agreement or court order.

4. In particular, Defendants are required to provide all parties:

a. The correct names of the parties to this lawsuit;

b. The name, address, and telephone number of any potential parties;

c. The legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

d. Computation of each category of damages, claimed by the responding party – who must also make available for inspection and copying the documents or other evidentiary material unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

e. The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f. The name, address and telephone number of any persons having knowledge of relevant facts, and brief statement of each identified person's connection with the case;

g. A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

h. Any indemnity and insuring agreements described in Rule 192.3(f);

i. Any settlement agreements described in Rule 192.3(g);

j. Any witness statements described in Rule 192.3(h);

k. In a suit alleging physical or mental injury and damages from the occurrence that is subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

l. In a suit alleging physical or mental injury and damages from the occurrence that is subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the responding party; and

m. The name, address, and telephone number of any person who may be designated as a responsible third party.

## III. PARTIES AND SERVICE

5. Plaintiff GREGORY LYN HODGE, ("Plaintiff") is an Individual who resides in Texas.

6. Defendant, FRISARD'S TRUCKING COMPANY, INC., is a foreign business corporation that conducts the business of trucking/interstate transportation for profit in a systematic and continuous manner in the State of Texas. This Defendant may be served with process by serving its registered agent F.A. Courtney, Jr. at Process Agent Service Company, 220 West Maple Ridge Drive, Metairie, Louisiana 70001. Service of said Defendant can be effected by certified mail, return receipt requested.

7. Defendant, ERICKA REDMOND, is an individual who may be served with process at her last known residential address of 215 E. Presley Road, McComb, Mississippi 36648, or wherever she may be found. Service of said Defendant can be effected by hand-delivery.

## IV. JURISDICTION AND VENUE

8. The subject matter in controversy is within the jurisdictional limits of this court.

9. Venue in Harris County is proper in this cause under Section 15.002(a)(1) because all or a portion of the events giving rise to Plaintiff's causes of action accrued in Harris County.

## V. FACTS

10. On or about May 13, 2020, Plaintiff's vehicle was traveling on Highway 288 North, when Defendant, ERICKA REDMOND, was driving a commercial truck owned and maintained by Defendant FRISARD'S TRUCKING COMPANY, INC. Defendant, traveling at highway speeds, made an unsafe lane change causing her tractor trailer to strike Plaintiff's vehicle. Defendant failed to stop and/or render aid to Plaintiff and continued to her intended destination. Defendant was driving while distracted, in particular, she was driving while using a handheld electronic device (cell phone). As a result of the collision, Plaintiff suffered serious injuries for which he hereby sues.

## VI. PLAINTIFFS' CLAIM OF NEGLIGENCE
## AGAINST ERICKA REDMOND

11. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

12. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

13. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to turn her motor vehicle in an effort to avoid the collision complained of;

   C. In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

   D. In that Defendant operated her vehicle in Plaintiffs' lane of traffic and failed to give Plaintiffs at least one-half of the roadway;

   E. In that Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring her motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

   F. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

   G. In that Defendant was operating her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

   H. In that Defendant failed to apply her brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply her brakes in order to avoid the collision in question;

   I. In that Defendant made an unsafe lane change; and

   J. In that Defendant was driving while distracted, specifically, driving while distracted by an electronic handheld device (cell phone).

4

## VII.  PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT KAT'S GLASS, LLC

14. Plaintiff was injured as a result of Defendant FRISARD'S TRUCKING COMPANY, INC.'S employee's negligence.

15. Defendant FRISARD'S TRUCKING COMPANY, INC.'S employee's negligence was performed while employee was within the course and scope of that employment.

16. Defendant FRISARD'S TRUCKING COMPANY, INC.'S employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

17. Plaintiffs' injuries were proximately caused by Defendant FRISARD'S TRUCKING COMPANY, INC.'S employee's negligent, careless and/or reckless disregard of said duty.

18. The negligent, careless and/or reckless disregard of duty of Defendant FRISARD'S TRUCKING COMPANY, INC.'S employee consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to turn her motor vehicle in an effort to avoid the collision complained of;

   C. In that Defendant failed to operate a motor vehicle as a person using ordinary prudent care would have done;

   D. In that Defendant operated her vehicle in Plaintiffs' lane of traffic and failed to give Plaintiffs at least one-half of the roadway;

   E. In that Defendant failed to maintain a clear and reasonable distance between Plaintiff's motor vehicle and Defendant's motor vehicle which would permit Defendant to bring her motor vehicle to a safe stop without colliding into Plaintiff's motor vehicle;

5

F. In that Defendant failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done;

G. In that Defendant was operating her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

H. In that Defendant failed to apply her brakes to his motor vehicle in a timely and prudent manner and/or wholly failed to apply her brakes in order to avoid the collision in question;

I. In that Defendant made an unsafe lane change; and

J. In that Defendant was driving while distracted, specifically, driving while distracted by an electronic handheld device (cell phone).

### VIII. PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST KAT'S GLASS, LLC

19. On or about May 13, 2020, FRISARD'S TRUCKING COMPANY, INC.'S entrusted their vehicle to Defendant ERICKA REDMOND.

20. Defendant FRISARD'S TRUCKING COMPANY, INC. knew or should have known that Defendant ERICKA REDMOND did not have a Texas Driver's License, was incompetent, inexperienced, and/or reckless driver.

21. Plaintiff contends that Defendant FRISARD'S TRUCKING COMPANY, INC. negligently entrusted the subject commercial vehicle to Defendant ERICKA REDMOND that it owned and permitted her to operate. Defendant's employee driver was negligent in causing the subject crash in a manner that was reasonably foreseeable to Defendant FRISARD'S TRUCKING COMPANY, INC. Furthermore, Defendant ERICKA REDMOND'S negligence proximately caused Plaintiff's injuries and damages.

### IX. DAMAGES FOR PLAINTIFF GREGORY LYN HODGE

22. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of more than $1,000,000.00:

    A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services at the time and place provided;

    B.    Reasonable and necessary medical and life care expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Loss of earnings in the past;

    F.    Loss of earning capacity which will, in all probability, be incurred in the future;

    G.    Loss of Household Services in the past;

    H.    Loss of Household Services in the future;

    I.    Mental anguish in the past;

    J.    Mental anguish in the future; and

    K.    Property damage, storage, towing and rental expenses.

## X.  DEMAND FOR TRIAL BY JURY

23.  Plaintiff demands a jury trial and tender the appropriate fee with this petition.

## XI.  NOTICE OF AUTHENTICATION OF DOCUMENTS

24.  Plaintiff hereby provides actual notice to Defendants and other parties that Plaintiff will use any or every document produced by any and all other parties in response to written discovery in a pretrial proceeding or at trial. Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants' production of a document in response to written discovery authenticates the document for use against Defendants unless – within ten days or a longer or shorter time ordered by the court – Defendants objects to the authenticity of the document, or any part of it, stating the specific basis for his objection. An objection must be either on the record or

7

in writing and must have a good faith factual and legal basis. An objection made to the authenticity of only part of a document does not affect the authenticity of the remainder.

## XII. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, GREGORY LYN HODGE, respectfully prays that the Defendants, ERICKA REDMOND and FRISARD'S TRUCKING COMPANY, INC be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF OMAR KHAWAJA, PLLC

By: _____
CHARLIE C. GUSTIN
Texas Bar No. 24078605
charlie@attorneyomar.com
OMAR KHAWAJA
Texas Bar No. 24072181
omar@attorneyomar.com
4900 Fournace Place, Suite 414
Bellaire, Texas 77401
Tel. (281) 888-2339
Fax. (713) 969-4837
**ATTORNEYS FOR PLAINTIFF**

10/20/2021 2:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58375476
By: Wanda Chambers
Filed: 10/20/2021 2:38 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** 2021-55462    **CURRENT COURT:** 190

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Required Disclosures

**FILE DATE:** 10/20/2021    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Ericka Redmond

Address of Service: 215 E. Presley Road

City, State & Zip: McComb, Mississippi 36648

Agent (if applicable) F. A. Courtney, Jr. At Process Agent Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper _____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [x] **E-Issuance by District Clerk** (No Service Copy Fees Charged)
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] **CIVIL PROCESS SERVER** – Forward via email: service@attorneyomar.com
- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Charlie Gustin    Bar # or ID 24078605

Mailing Address: 4900 Fournace Place, Suite 414, Bellaire, Texas 77401

Phone Number: (281) 888-2339

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: 2021-55462   CURRENT COURT: 190

Name(s) of Documents to be served: Plaintiff's Original Petition and Required Disclosures

FILE DATE: 10/20/2021   Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: Frisard's Trucking Company

Address of Service: 220 West Maple Ridge Drive

City, State & Zip: Metairie, Louisiana 70001

Agent (if applicable): F. A. Courtney, Jr. At Process Agent Service Company

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias   Newspaper _____
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not by E-Issuance)
- [ ] Attachment (not by E-Issuance)
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus (not by E-Issuance)
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY (check one):**
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____   (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [x] CIVIL PROCESS SERVER – Forward via email: service@attorneyomar.com
- [ ] OTHER, *explain* _____

Issuance of Service Requested By: Attorney/Party Name: Charlie Gustin   Bar # or ID 24078605

Mailing Address: 4900 Fournace Place, Suite 414, Bellaire, Texas 77401

Phone Number: (281) 888-2339

Case 4:21-cv-03528   Document 1-1   Filed on 10/26/21 in TXSD   Page 14 of 18

10/26/2021 9:53 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 58533230
By: Wanda Chambers
Filed: 10/26/2021 9:53 AM

CAUSE NO. 2021-55462

| | | |
|---|---|---|
| GREGORY LYN HODGE | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 190TH JUDICIAL DISTRICT |
| | § | |
| FRISARD'S TRUCKING COMPANY, | § | |
| and ERICKA REDMOND. | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **FRISARD'S TRUCKING COMPANY, INC. and ERICKA REDMOND**, Defendants named in the above entitled and numbered cause, and file this Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demand strict proof thereof.

### II.
### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendants demand a trial by jury. Simultaneously with the filing of this demand, a jury fee is being paid on behalf of Defendants.

### III.
### AFFIRMATIVE DEFENSES / INFERENTIAL DEFENSES / OTHER DEFENSES

Defendants plead the defense set forth in TEXAS CIVIL PRACTICE & REMEDIES CODE § 18.091, requiring Plaintiff to prove his loss of earnings or loss of earning capacity in the form which represents a net loss after reduction for income tax payments or unpaid tax liability on said

loss of earnings claim pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE § 18.091. Additionally, Defendants request the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal and state income taxes.

Pleading further, and without waiving the foregoing, this accident was caused in whole or in part by Plaintiff's contributory negligence. TEX. CIV. PRAC. & REM. CODE § 33.001 *et. seq.* Plaintiff had a duty to act as a reasonable and prudent person would under same or similar circumstances. Plaintiff's actions or omissions breached his duty of care and were the sole (or alternatively, partial) cause of Plaintiff's alleged damages (if any). These actions and omissions constitute contributory negligence, as defined by TEX. CIV. PRAC. & REM. CODE § 33.001.

Pleading further, and without waiving the foregoing, Defendants invoke the application of Chapter 33 of the Texas Civil Practices and Remedies Code with respect to contributory., comparative or proportionate responsibility doctrines, and requests that Plaintiff's recovery, if any, be reduced and apportioned in accordance with the provisions of the Texas Civil Practice and Remedies Code including, but not limited to, Chapter 33 thereof.

Pleading further, and without waiving the foregoing, Plaintiff failed to mitigate his damages. This failure to mitigate damages includes but is not limited to failing to follow the instructions of medical providers; failing to obtain alternative transportation / vehicle, failing to attend, schedule, and otherwise fully participate in medical treatment; failing to submit or otherwise utilize available health benefits, and failing to seek timely medical or counseling treatment.

Pleading further, and without waiving the foregoing, to the extent that the medical expenses or health care expenses exceed the amount actually paid on behalf of Plaintiff, Defendants assert

the statutory defense set forth in § 41.0105 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. Recovery of medical or health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff. TEX. CIV. PRAC. & REM. CODE § 41.0105.

Pleading further, and without waiving the foregoing, Defendants assert that Plaintiff's damages, if any, were caused by one or more new and independent, intervening and/or superseding cause(s), not reasonably foreseeable, separate and apart from any alleged acts or other alleged responsibility of Defendants.

Pleading further, and without waiving the foregoing, Defendants assert that Plaintiff's damages, if any, were pre-existing, not caused by the alleged incident in question.

Pleading further, and without waiving the foregoing, Defendants plead that in the unlikely event Plaintiff is adjudged to be entitled to any damages against Defendants, which is expressly denied, Plaintiff is not entitled to recover prejudgment interest on any future damages.

Pleading further, and without waiving the foregoing, Defendants plead that if prejudgment interest is recoverable in this matter, it is limited in accordance with Texas Finance Code § 304.101, *et. seq.*

Pleading further, and without waiving the foregoing, Defendants plead that if post-judgment interest is recoverable in this matter, it is limited in accordance with Texas Finance Code § 304.003(c).

## IV.
## TEX. R. CIV. P. 193.7 NOTICE

Pursuant to TEX. R. CIV. P. 193.7, please take notice that at pre-trial hearings and at trial, Defendants intend to use documents produced by any and all parties in this matter.

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that the Plaintiff take nothing by this suit, that Defendants go hence with their costs without delay, and for such other

and further relief, both general and special, at law and in equity, to which Defendants may show themselves justly entitled.

          Respectfully submitted,

          **FEE, SMITH, SHARP & VITULLO, L.L.P.**

          */s/ Brian G. Cano*

          **BRIAN G. CANO**
          State Bar No. 24045613
          **ROSS A. DARVILLE**
          State Bar No. 24087382
          2777 Allen Parkway, Suite 800
          Houston, TX 77019
          713-362-8300
          713-362-8302 [Fax]
          bcano@feesmith.com
          rdarville@feesmith.com

          **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served to all attorneys of record in this cause of action on the 26th day of October, 2021.

          */s/ Brian G. Cano*
          **BRIAN G. CANO**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kristen Potts on behalf of Brian Cano
Bar No. 24045613
kpotts@feesmith.com
Envelope ID: 58533230
Status as of 10/26/2021 10:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Charlie Gustin | | charlie@attorneyomar.com | 10/26/2021 9:53:58 AM | SENT |
| Omar Khawaja | 24072181 | Omar@attorneyomar.com | 10/26/2021 9:53:58 AM | SENT |
| Christine Aylor | | caylor@feesmith.com | 10/26/2021 9:53:58 AM | SENT |
| Brian G.Cano | | bcano@feesmith.com | 10/26/2021 9:53:58 AM | SENT |
| Ross Darville | | rdarville@feesmith.com | 10/26/2021 9:53:58 AM | SENT |
| Kristen Potts | | kpotts@feesmith.com | 10/26/2021 9:53:58 AM | SENT |